IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS H. FUTCH, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    CIVIL ACTION |
| vs. | ) |
| | )    FILE No. _____ |
| 4639, LLC, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

COMES NOW, THOMAS H. FUTCH, by and through the undersigned counsel, and files this, his Complaint against Defendant 4639, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PARTIES

2. Plaintiff THOMAS H. FUTCH (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Dekalb County).

3. Plaintiff is disabled as defined by the ADA, and is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

4. Plaintiff uses a wheelchair for mobility purposes.

5. Defendant 4639, LLC (hereinafter "Defendant") is a Georgia limited liability company, and transacts business in the state of Georgia and within this judicial district.

6. Defendant may be properly served with process via its registered agent for service, to wit: Ramzan Karimi, 1707 Mt Vernon Road, Suite D, Dunwoody, Georgia 30338.

## FACTUAL ALLEGATIONS

7. On or about August 4, 2016, Plaintiff was a customer at "Simply Thai" and visited "Sababa" and "Dunwoody Food Mart," businesses located at 4639 North Shallowford Road, Atlanta, Georgia 30338, referenced herein as the

"Facility."

8. Defendant is the owner and/or operator of the real property and improvements that the Facility is situated in and is the subject of this action, referenced herein as the "Property."

9. Plaintiff lives in the near vicinity of the Facility and Property.

10. Plaintiff's access to the businesses located at 4639 North Shallowford Road, Atlanta, Georgia 30338, DeKalb County Property Appraiser's parcel number 18 352 12 027 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

11. Plaintiff intends to visit the Facility and Property within six months, or sooner, to purchase goods.

12. Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six months, or sooner, once the Facility and Property are accessible again.

13. In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

14. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*.

15. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural,

       transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

  (v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

  16.   Congress explicitly stated that the purpose of the ADA was to:

  (i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

  (ii)   provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

     * * * * *

  (iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

  17.   The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement

the requirements imposed by the ADA.

18.     The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

19.     The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment.

20.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.

21.     Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 1281, *et seq.*, and 28 C.F.R. §36.508(a).

22.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

23.     The Property must be, but is not, in compliance with the ADA and ADAAG.

24.     Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property,

6

but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

25.    Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26.    Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as

required by 42 U.S.C. § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

27. Defendant has discriminated against Plaintiff by failing to comply with the above requirements.

28. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include, but are not limited to:

   **(a)   ACCESSIBLE ELEMENTS:**

   (i)   Between Units "D" and "E" is an 8" (eight inch) step than needs to be ramped. As a result of this excessive vertical rise, the Property lacks an accessible route from the sidewalk to the accessible entrance of the Property and/or Facility, in violation of section 206.2.1 of the 2010 ADAAG standards. This

      violation made it difficult for Plaintiff to access the units of the Property.

(ii)   The interior of the "Indian Bazar" has walking surfaces lacking a 36 (thirty-six) inch clear width, in violation of section 403.5.1 of the 2010 ADAAG regulations.

(iii)   In front of Unit "E," there is at least one accessible parking space that does not have a properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(iv)   In front of Unit "E" there is an accessible parking space that is missing a proper identification sign, in violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(v)   Near the "Dunwoody Food Mart" there are two accessible parking spaces that are missing proper identification signs, in violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible

       parking space.

(vi) The access aisle adjacent to the accessible parking space most proximate to "Dunwoody Food Mart" is not level due to the presence of a ramp in said access aisle, in violation of section 502.4 of the 2010 ADAAG regulations. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vii) The interior of "Dunwoody Food Mart" has sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

**(b)** **"SABABA" RESTROOMS:**

(i) The mirror in the restrooms of "Sababa" exceeds the maximum height permitted by section 603.3 of the 2010 ADAAG standards.

(ii) The hand operated flush controls on the commodes in the restrooms of "Sababa" are not located on the open side of the accessible stalls, in violation of section 604.6 of the 2010 ADAAG standards.

(iii) The height of the coat hooks located in accessible restroom stalls of "Sababa" are above 48" (forty-eight inches) from the finished floor in violation of section 308.2.1 of the 2010 ADAAG standards.

**(c)  "DUNWOODY FOOD MART" RESTROOMS:**

(i) The restrooms at "Dunwoody Food Mart" lack restroom signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards.

(ii) The doors to the restrooms at "Dunwoody Food Mart" have a minimum clear width below 32 (thirty-two) inches, in violation of section 404.2.3 of the 2010 ADAAG standards.

(iii) The restrooms at "Dunwoody Food Mart" lack proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG regulations.

(iv) The grab bars/handrails adjacent to the commodes in the accessible stalls in the restrooms of "Dunwoody Food Mart" are missing, or otherwise violate section 604.5 of the 2010 ADAAG standards.

(v) The toilet paper dispensers in the accessible stalls in the

      restrooms of "Dunwoody Food Mart" are not positioned properly, or are missing, and violate section 604.7 of the 2010 ADAAG standards.

(vi) The restrooms at "Dunwoody Food Mart" have lavatories where the sink surfaces exceed the maximum permissible height from the finished floor, in violation of section 606.3 of the 2010 ADAAG standards.

(vii) The lavatories and/or sinks in the restrooms of "Dunwoody Food Mart" have exposed pipes and surfaces, and are not insulated or configured to protect against contact, in violation of section 606.5 of the 2010 ADAAG standards.

29. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

30. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

31. All of the above violations are readily achievable to modify in order to bring the Facility and Property into compliance with the ADA.

32. The removal of the physical barriers and dangerous conditions present

at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

33. Upon information and good-faith belief, the Facility and Property has been altered since 2010.

34. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 18 can be applied to the 1991 ADAAG standards.

35. Plaintiff has attempted to gain access to the Facility and Property in his capacity as a customer, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendant because of Plaintiff's disabilities, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

36. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and

carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. §36.304.

37. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest, and the benefit to Plaintiff and the public far outweighs any detriment to Defendant.

38. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendant.

39. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b)   That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c)   That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)   That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)   That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: August 29, 2016.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
Ehrlich & Schapiro, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been

prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

        Respectfully submitted,

        /s/Craig J. Ehrlich
        Craig J. Ehrlich